UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORIO ULICES ALONSO BARRIENTOS,

                                    Petitioner,                        Case # 19-CV-6198-FPG

v.                                                                            DECISION AND ORDER

WILLIAM P. BARR, et al.,

                                    Respondents.
_____

      *Pro se* Petitioner Gregorio Ulices Alonso Barrientos brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. The government opposes the petition. ECF No. 3, 4. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is GRANTED.

## BACKGROUND

      The following facts are taken from the record. Petitioner is a native and citizen of El Salvador. On June 10, 2018, Petitioner entered the United States through Texas without being admitted. The next day, Border Patrol agents found and arrested him. Because he expressed a credible fear of removal to El Salvador, immigration authorities instituted full (as opposed to expedited) removal proceedings against Petitioner.

      In August 2018, an immigration judge conducted a bond hearing for Petitioner. He denied Petitioner's request for a change in custody status. *See* ECF No. 3-2 at 9. Petitioner did not appeal that determination. ECF No. 3-1 at 4.

      On October 22, 2018, an immigration judge denied Petitioner's applications for relief from removal and ordered him removed. Petitioner appealed the order.

On March 15, 2019, Petitioner filed the present action. On April 29, 2019, the Board of Immigration Appeals ("BIA") remanded the case to the immigration judge for further proceedings.[1] ECF No. 8-2 at 1.

## DISCUSSION

Petitioner has now been detained by immigration authorities for over 13 months. He argues that, as a matter of procedural due process, he is entitled to a bond hearing wherein the government bears the burden of justifying his detention by clear and convincing evidence based on risk of flight or dangerousness.[2] The Court agrees.

In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of aliens pending removal. Relevant here is 8 U.S.C. § 1226, which gives immigration officials the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In other words, "section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018). This includes aliens, like Petitioner, whose removal proceedings are ongoing. *See id.* While Section 1226(a) permits immigration authorities to release aliens pending the completion of removal proceedings, *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018), immigration authorities place the burden on the alien to prove that release is justified, *i.e.*, that he is not a risk of flight or danger to the community. *See Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *9 (W.D.N.Y. Feb. 27, 2019); *Darko v. Sessions*, 342 F. Supp. 3d 429, 433 (S.D.N.Y. 2018).

---

[1] Respondents inform the Court that further proceedings before the immigration judge were scheduled for July 5, 2019, but the record does not reflect the outcome of those proceedings. *See* ECF No. 8 at 2.

[2] Petitioner also raises other grounds, but the Court need not address them in light of its disposition of this claim. *See* ECF No. 1 at 8-9.

The question is whether this scheme is constitutional as applied to Petitioner. To determine whether an alien's due process rights have been violated as a result of his continued detention under Section 1226, the Court first evaluates whether the "alien [has been] held for an unreasonably long period." *Frederick v. Feeley*, No. 19-CV-6090, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019) (discussing in context of detention under 8 U.S.C. § 1226(c)); *see also Hemans*, 2019 WL 955353, at *5. If the alien has been detained for an unreasonably long period, the Court proceeds to analyze whether the alien has received sufficient process to justify his continued detention. *Hemans*, 2019 WL 955353, at *5.

Applying this framework, the Court concludes that Petitioner is entitled to relief.

First, Petitioner's detention has been unreasonably prolonged. He has been detained for over thirteen months. This fact favors Petitioner. *See Muse v. Sessions*, No. 18-CV-0054, 2018 WL 4466052, at *4 (D. Minn. Sept. 18, 2018) ("As detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing."); *Campbell v. Barr*, No. 19-CV-341, 2019 WL 2106387, at *5 (W.D.N.Y. May 14, 2019) (collecting cases).

Furthermore, this delay is attributable to the normal administrative process. Insofar as Petitioner has not abused the processes available to him or otherwise maliciously delayed proceedings, he cannot be deemed responsible for delays attendant to the administrative process. *See Hechavarria*, 891 F.3d at 56 n.6 (distinguishing between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process"); *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018) (concluding that pursuit of relief from removal "does not, in itself, undermine a claim that detention is unreasonably prolonged"). If anything, immigration authorities bear responsibility for the delays attributable to Petitioner's BIA appeal and remand, given that the immigration judge was found to have erred in his initial order. *See* ECF No. 8-2 at 1. And in light

of the remand, Petitioner's case remains at an early stage of review despite his already lengthy detention. *See Sigal v. Searls*, No. 18-CV-389, 2018 WL 5831326, at *7 (W.D.N.Y. Nov. 7, 2018) (stating that "due process violations related to lengthy detentions" usually involve, *inter alia*, "petitioners who were still in the early stages of their immigration proceedings"). Accordingly, Petitioner's detention has been unreasonably prolonged, and he has passed the first step.

At the second step, the Court concludes that Petitioner has not been afforded constitutionally adequate process to justify his continued detention. Although Petitioner was afforded a bond hearing before an immigration judge in August 2018, immigration authorities place the burden on the alien to demonstrate his entitlement to release. *See Nzemba v. Barr*, No. 19-CV-6299, 2019 WL 3219317, at *4 (W.D.N.Y. July 17, 2019). Due process requires more. Specifically, the "consensus view" is that due process requires the government, not the alien, to prove by clear and convincing evidence that continued detention is justified.[3] *Darko*, 342 F. Supp. 3d at 435 (collecting cases).

Therefore, because Petitioner's detention has been unreasonably prolonged, and because he has not yet been afforded a constitutionally adequate bond hearing, his continued detention violates his due process rights. He is entitled to relief in the form of a bond hearing with proper procedural safeguards.

---

[3] Respondents cite *Borbot v. Warden Hudson Cty. Corr'l Facility*, 906 F.3d 274 (3d Cir. 2018), for the proposition that aliens held under § 1226(a) should bear the burden of proof even though "constitutional due process has been construed to require a bond hearing for § 1226(c) detainees suffering lengthy detention." ECF No. 4 at 10. Respectfully, *Borbot* is neither binding on this Court nor particularly persuasive. To the contrary, "all the same constitutional concerns at issue [for § 1226(c) detainees] are present—and are even more persuasive—in the case of a § 1226(a) detainee." *Nguti v. Sessions*, 259 F. Supp. 3d 6, 12 (W.D.N.Y. 2017) (footnote omitted); *see also Martinez v. Decker*, No. 18-CV-6527, 2018 WL 5023946, at *4 (S.D.N.Y. Oct. 17, 2018) ("It would be 'both illogical and legally unsound' to afford greater procedural protections to aliens detained under Section 1226(c) than to aliens detained under Section 1226(a).").

## CONCLUSION

For the foregoing reasons, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED.

By August 5, 2019, Respondents shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on risk of flight or danger to the community. If a bond hearing is not held by August 5, 2019, Respondents shall release Petitioner immediately with appropriate conditions of supervision. By August 7, 2019, Respondents shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 24, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court