UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORIO ULICES ALONSO BARRIENTOS,

                                Petitioner,                      Case # 19-CV-6198-FPG

v.                                                                             DECISION AND ORDER

WILLIAM P. BARR, et al.,

                                Respondents.

On June 10, 2018, Petitioner Gregorio Ulices Alonso Barrientos entered the United States through Texas without being admitted. ECF No. 10 at 1. The next day, Border Patrol agents found and arrested him. *Id.* Because he expressed a credible fear of removal to El Salvador, immigration authorities instituted full (as opposed to expedited) removal proceedings against Petitioner. *Id.*

In August 2018, an immigration judge conducted a bond hearing for Petitioner. *Id.* He denied Petitioner's request for a change in custody status. *See* ECF No. 3-2 at 9. Petitioner did not appeal that determination. ECF No. 3-1 at 4.

On October 22, 2018, an immigration judge denied Petitioner's applications for relief from removal and ordered him removed. ECF No. 10 at 1. Petitioner appealed the order to the Board of Immigration Appeals (BIA), the BIA remanded his case, and a merits hearing was scheduled for July 5, 2019.[1] ECF No. 14-1 ¶ 3.

On March 15, 2019, Petitioner brought a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1.

On June 27, 2019, Petitioner—via counsel who was and is representing him before the Immigration Court (IC)—filed a motion to adjourn the merits hearing then scheduled for July 5,

---

[1] A merits hearing may have been scheduled earlier than July 5, 2019, and then adjourned. The Court knows only that a merits hearing was eventually scheduled for that date.

2019. The IC granted the motion and scheduled the merits hearing for August 2, 2019. 14-1 ¶¶ 3-4.

On July 24, 2019, the Court issued a Decision and Order finding that Petitioner was entitled to habeas relief and ordering Respondents to hold a bond hearing for him before the IC by August 5, 2019, at which the government would bear the burden of proving by clear and convincing evidence that Petitioner's continued detention was justified based on risk of flight or danger to the community. ECF No. 10.

On July 30, 2019, Petitioner's counsel filed motions before the IC to either schedule the bond hearing before the merits hearing or adjourn the merits hearing. ECF No. 12 at 11. The IC denied those motions. *Id.*

On August 1, 2019, Petitioner's counsel filed a motion for a temporary restraining order ("TRO"), which is currently before the Court. ECF No. 12. Petitioner asks the Court to adjourn his merits hearing scheduled for tomorrow, August 2, 2019, at 8:30 a.m. before the IC because holding his bond hearing before the merits hearing will allow him to better prepare for the merits hearing. ECF No. 12 at 5. Respondents responded to the Motion hours after it was filed. ECF No. 14.

Petitioner's motion fails for two reasons. First, Petitioner is seeking relief outside the scope of the Petition he originally filed and that the Court has already granted. His Petition challenged only his continued detention at the Buffalo Federal Detention facility. ECF No. 10 at 1. It did not allege that he was deprived of some right in regard to his merits hearing. The relief he now seeks is thus beyond the scope of the Petition and, therefore, beyond the reach of this Court's jurisdiction. *See Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (denying a motion for preliminary injunction where plaintiff sought injunctive relief not mentioned in the complaint); *McKinnon v. Tresman*, No. 302CV2305WWEHBF, 2004 WL 78091,

at *1-2 (D. Conn. Jan. 9, 2004) (finding a motion for a preliminary injunction was "beyond the scope of [the] action" where the case involved disclosure of plaintiff's medical information and the motion concerned a possible transfer to a separate correctional facility).

Second, and perhaps most importantly, there are significant jurisdictional questions as to whether this Court could rule on Petitioner's motion. It is well established that only Courts of Appeals, not District Courts, may stay removal, which suggests that this Court has no jurisdiction over scheduling of merits hearings. *See* 8 U.S.C. § 1252(b)(2). Indeed, it appears that Petitioner should have appealed the IC's denial of his motion to adjourn the merits hearing to the BIA and, if that appeal was denied, to the United States Court of Appeals for the Second Circuit. *See Cortes-Gomez v. Barr*, 765 F. App'x 593, 594-96 (2d Cir. 2019) (summary order) (hearing appeal from BIA on petitioner's motion to continue removal proceedings that was originally denied by an immigration judge).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for a Temporary Restraining Order, ECF No. 12, is DENIED, and the Court's July 24, 2019 Order, ECF No. 10, remains in effect.

IT IS SO ORDERED.

Dated: August 1, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court